No. 00-045

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 133N

MONTANA DEPARTMENT OF REVENUE,

Petitioner and Respondent,

v.

MARLIN McCAFFREE,

Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Marlin McCaffree, *Pro se*, Shepherd, Montana

For Respondent:

Roberta Cross Guns, Tax Counsel, Special Assistant Attorney

General, Helena, Montana

Submitted on Briefs: April 20, 2000

Decided: May 25, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Marlin McCaffree (McCaffree) appeals from the December 2, 1999 Order of the First Judicial District Court, Lewis and Clark County, ordering that he file income tax returns pursuant to § 15-30-142, MCA. We affirm the judgment of the District Court.

¶3 The issue presented is whether the District Court erred in holding that, regardless of whether income tax is characterized as an excise tax, McCaffree is required by § 15-30-142, MCA, to file an income tax return for tax years 1996 through 1998?

¶4 Section 15-30-142(1), MCA, provides as follows:

> (1) For both resident and nonresident taxpayers, each single individual and each married individual not filing a joint return with a spouse and having a gross income for the tax year of more than $1,500, as adjusted under the provisions of subsection (7), and married individuals not filing separate returns and having a combined gross income for the tax year of more than $3,000, as adjusted under the provisions of subsection (7), are liable for a return to be filed on forms and according to rules that the department may prescribe. The gross income amounts referred to in the preceding sentence must be increased by $800, as adjusted under the provisions of

15-30-112(6), for each additional personal exemption allowance that the taxpayer is entitled to claim for the taxpayer and the taxpayer's spouse under 15-30-112(3) and (4).

¶5 It is undisputed that although McCaffree received in excess of $1,500 of income for each of the years 1996, 1997 and 1998, he did not file tax returns for those years. Accordingly, the Department of Revenue filed a "Petition for Order to File Individual Income Tax Returns or Show Cause why Returns Should not be Filed." McCaffree appeared and argued that the income tax is an excise tax and that he should not have to file a return as he had not engaged in any excisable activity. The District Court rejected his argument and ordered that he file returns for the years in question.

¶6 On appeal, McCaffree relies on our decision in O'Connell v. State Board of Equalization (1933), 95 Mont. 91, 25 P.2d 114, for the proposition that § 15-30-142, MCA, is not an income tax, but an excise tax. *O'Connell* was an original proceeding challenging the constitutionality of the income tax. The Court upheld that constitutionality of the income tax. In explaining the rationale for the exclusion of corporations from the operation of the Act, we held:

> As the tax is not on property, but in the nature of an excise, the fact that the corporation license tax would not, in all cases, equal the tax on an income of like proportions, is immaterial; nevertheless, in such cases, the difference may be eliminated by the double taxation of the right to engage in the business and of the incomes of the stockholders, who, after all, are the corporation. The discrimination, if any there be, does not render the act unconstitutional.

*'Connell, 95 Mont. at 120, 25 P.2d at 121 (citations omitted).*

¶7 Even given that, in the *O'Connell* decision, the income tax was likened to an excise tax, McCaffree has failed to show how such characterization prevents the State from requiring him to file an income tax return. Regardless of how the tax in characterized, the law requires that anyone with income in excess of $1,500 for a given year, file an income tax return. In rejecting McCaffree's "excise tax" argument, the District Court concluded, "[t]his may or may not be true, but it does not do away with his obligation to file a tax return pursuant to Section 15-30-142." We agree with the District Court. McCaffree has failed to proffer any reason why he should not be subject to complying with § 15-30-142, MCA. The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ KARLA M. GRAY